UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANTHONY STILES MAYFIELD,<br><br>Plaintiff,<br><br>v.<br><br>GEO GROUP INC.,<br>STORMS Lt.,<br><br>Defendants. | ) | No. 1:26-cv-00963-JRO-MG |

**ORDER DISMISSING COMPLAINT**

New Castle Correctional Facility (NCCF) inmate Anthony Mayfield seeks $60,000 in damages for violations of his civil rights. Because he is a prisoner, the Court must screen his complaint. 28 U.S.C. § 1915A(a), (c).

**I. SCREENING STANDARD**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The

Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. THE COMPLAINT

The complaint names two defendants: the GEO Group, which operates NCCF under a contract with the Indiana Department of Correction, and Lieutenant Storms. The complaint itself contains no factual allegations but refers to an unspecified attachment. Dkt. 1 at 2.

Mayfield attached three pieces of paper to his complaint. One is a prisoner grievance form stamped "received" on April 1, 2026. Dkt. 1-1 at 1. It describes confinement in restricted housing without property, including hygiene materials, for an extended period. *Id.* The second and third sheets of paper are a longer narrative description of Mayfield's confinement in restrictive housing. *Id.* at 2–3. It references events occurring April 2 and, therefore, appears to have been drafted after Mayfield submitted his grievance. However, it does not refer to Lieutenant Storms by name. It is not clear whether this is the attachment referenced in the complaint form.

Mayfield also filed an affidavit with a copy of the same narrative attached to his complaint. Dkt. 6. Again, it is not clear if this is the attachment referenced in the complaint form.

## III. DISCUSSION OF CLAIMS

Mayfield's complaint is **dismissed** for **failure to state a claim** upon which relief may be granted for the following reasons.

First, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It also must describe the plaintiff's claims "in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 601 (7th Cir. 2016). Mayfield's complaint does not include a plain statement of his claim or offer fair notice of whom he wishes to sue for what reason. To the contrary, he refers to an unspecified attachment and leaves the Court and the defendants to guess.

Second, liability for constitutional violations under 42 U.S.C. § 1983 "is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). "[I]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). Mayfield does not state what Lieutenant Storms did or did not do and how his conduct violated the Constitution. He has not supported a reasonable inference of personal involvement sufficient to state a claim under § 1983.

Third, private corporations like GEO that act under color of state law to provide essential services to prisoners are treated as municipalities for purposes of § 1983 and can be sued when their actions violate the Constitution. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). To state a *Monell*

claim, the plaintiff must identify an action taken by the municipality and allege a causal link between the municipality's action and the deprivation of federal rights. *Dean,* 18 F.4th at 235. "A municipality 'acts' through its written policies, widespread practices or customs, and the acts of a final decisionmaker." *Levy v. Marion Co. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019).

"Liability under this standard is difficult to establish, requiring a § 1983 plaintiff to prove that a municipality, either through an express policy or an implied policy of inaction, took deliberate action that was the moving force behind a constitutional injury." *Taylor v. Hughes*, 26 F. 4th 419, 435 (7th Cir. 2022) (cleaned up). Liability may attach in two circumstances: First, "if an express municipal policy or affirmative municipal action is itself unconstitutional, . . . a plaintiff has a straightforward path to holding the municipality accountable . . . [and] a single instance of a constitutional violation caused by the policy suffices to establish municipal liability." *Id.* (cleaned up). Second, a plaintiff may show "gaps in express policies or . . . widespread practices that are not tethered to a particular written policy—situations in which a municipality has knowingly acquiesced in an unconstitutional result of what its express policies have left unsaid." *Id.* (cleaned up). Under this theory, a plaintiff "must typically point to evidence of a prior pattern of similar constitutional violations" to "ensure that there is a true municipal policy at issue, not a random event." *Id.* (cleaned up).

Mayfield asserts no allegations against GEO and describes no GEO policy or practice in his complaint form or his attachments. Accordingly, he fails to state a claim for relief under *Monell*.

## IV. OPPORTUNITY TO FILE AN AMENDED COMPLAINT

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the Court will allow the plaintiff to amend his complaint if, after reviewing this Court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

The plaintiff shall have **through November 16, 2026, 2026, to file an amended complaint**.

The amended complaint must contain a "short and plain statement of the claim" which explains what happened to him, who was responsible for what happened, what injury he suffered due to the defendant or defendants' actions, and what relief he wants from this lawsuit. *See* Fed. R. Civ. P. 8(a). The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Order, which he must use if he files an amended

complaint. *See* Local Rule 8-1 (requiring pro se plaintiffs to use the clerk-provided form for claims under 42 U.S.C. § 1983). If the plaintiff chooses to attach pages to the amended complaint form, he must clearly label them as part of the amended complaint.

Any amended complaint should have the proper case number, 1:26-cv-00963-JRO-MG, and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**SO ORDERED.**

Date: 10/15/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

ANTHONY STILES MAYFIELD
298267
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362